**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Katherine N. Brosnahan, | ) No. CV 07-188-PHX-SMM |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Jon R. Pozgay, et al., | ) |
| Defendants. | ) |

Currently pending before the Court is the Motion for Sanctions filed by Defendant Jon R. Pozgay, pursuant to Rule 11, Fed.R.Civ.P. (Doc. 16).

**Background**

This case arises out of a debt collection matter between family members Plaintiff Katherine N. Brosnahan (Ms. Brosnahan), Defendant Jon R. Pozgay (Mr. Pozgay), and Co-Defendant Michele T. Brosnahan.[1] While the Co-defendants[2] were married, Plaintiff and her husband lent them money on three separate occasions, totaling $345,000. In her Complaint, Plaintiff alleges that she is owed money on three separate promissory notes dated June 15,

---

[1] Plaintiff Katherine N. Brosnahan is Defendant Jon R. Pozgay's former sister-in-law, i.e. Mr. Pozgay was married to Plaintiff's sister Michele (Pozgay) Brosnahan.

[2] On August 29, 2007, after Mr. Pozgay was forced to file the Motion to Dismiss for failure to join an indispensable party, despite the finding of the District Court for the Southern District of California and the motion for sanctions against Ms. Brosnahan and her attorney, Plaintiff filed an Amended Complaint adding her sister Michele (Pozgay) Brosnahan as a co-defendant

1999, June 28, 1999, and October 12, 1999. At the time the money was paid and the notes were executed, the co-defendants were married to each other. For the entirety of their 26 year marriage, the co-defendants resided in Arizona, a community property state. In 2003, Michele initiated an action for the dissolution of her marriage to Mr. Pozgay. As a result of the dissolution action, the defendants entered into a stipulation for the entry of an order making Michele solely responsible for any debt to Plaintiff in exchange for Mr. Pozgay's quitclaim of his interest in the community residence.[3]

Despite the foregoing, prior to initiating the instant suit, Ms. Brosnahan brought an essentially identical action against only Mr. Pozgay, in the United States District Court for the Southern District of California. In the opinion, the Court explained:

> ...given the community nature of the debt, it appears Michele assumed the sole responsibility for the debt in exchange for sole ownership of the couple's residence. The facts, therefore, suggest complete relief is unavailable in Michele's absence. *See Nike, Inc. v. Commercial Iberica de Exclusivas Desportivas*, S.A., 20 F.3d 987, 991 (9th Cir. 1994) (joint obligees are indispensable in an action to enforce obligation). In addition, Michele is a necessary party because she has a legally protected interest that Defendant cannot adequately represent...accordingly, Michele has a legally protected interest in the suit and should be joined under Rule19(a).

(Doc. 11, Exhibit 4).

The Court concluded that "in 'equity and good conscience,' the action should be dismissed for failure to join an indispensable party, and that the public interest would be better served by adjudicating the action in Arizona."

**Discussion**

In his moving papers, Mr. Pozgay contends that by failing to include Michele as a co-defendant in her original Complaint filed with this Court, Ms. Brosnahan is in clear violation of Rule 11 of the Federal Rules of Civil Procedure for filing pleadings "for an

---

[3] A final order was entered in the Dissolution on February 2, 2007, confirming that Michele is solely responsible for any amounts found due on the subject notes.

- 2 -

1 improper purpose, such as to harass to cause unnecessary delay or needles increase in the
2 cost of litigation." (Doc. 17).

3 Ms. Brosnahan contends that it is Mr. Pozgay who is seeking to harass and delay by
4 unnecessarily expanding the proceedings and "filing and unfounded Motion to Dismiss."
5 (Doc. 18). The Court disagrees. Despite the outcome of the suit filed in the Southern
6 District of California, Ms. Brosnahan asserts that she had a good faith basis for her belief
7 that only Mr. Pozgay needed to be named as a party. This Court is unable to decipher that
8 good faith basis. Furthermore, Ms. Brosnahan clearly interprets the opinion of the District
9 Court of the Southern District of California in such a way that she only applies a portion of
10 the Court's conclusion to the current pending motion. In fact, Ms. Brosnahan not only fails
11 to address a critical portion of the Court's opinion and resulting conclusion which addresses
12 the crux of the case, whether Michele Pozgay Brosnahan is an necessary and indispensable
13 party. (Doc. 11, Ex. 4); but she also affirmatively represents to this Court that the District
14 Court of the Southern District of California did not decide the issue of whether Michele was
15 a necessary and indispensable party. In actuality, it was the conclusion of the District Court
16 of the Southern District of California that Michele Pozgay was a necessary and
17 indispensable party, "Michele is a necessary party because she has a legally protected
18 interest that Defendant cannot adequately represent..." The Court then concluded that the
19 case should be dismissed "for failure to join an indispensable party" (Doc. 11, Ex. 11). The
20 fact that District Court of the Southern District of California found that it lacked personal
21 jurisdiction over Ms. Pozgay does not permit Plaintiff's counsel to re-litigate the same issue
22 and completely ignore its findings. Thus the Court notes that Plaintiff's counsel should be
23 cautious when making representations to this Court, ensuring that those representations are
24 not made with the intent to mislead the Court or misstate the outcome of a case.

25 Accordingly,

26 **IT IS HEREBY ORDERED** that Defendant Jon R. Pozgay's Motion for Sanctions
27 is **GRANTED**.

28

- 3 -

1    **IT IS FURTHER ORDERED** that Mr. Pozgay will be awarded the costs incurred
2 in filing this motion, as well the costs incurred in filing the motion to dismiss for failure to
3 join a necessary and indispensable party pursuant to Rule 19, Fed.R.Civ.P.
4    DATED this 29th day of October, 2007.

Stephen M. McNamee
United States District Judge